IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA HONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-0934-MJR-DGW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Plaintiff Paula Honey has filed suit against the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), to review an adverse social security decision against her (Doc. 1). She has also moved, pursuant to 28 U.S.C. § 1915, for the Court to allow her to commence this suit without prepayment of the filing fee. Congress requires federal courts to carefully screen complaints filed by alleged paupers and requires the courts to dismiss a purported pauper's suit if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2).

While *in forma pauperis* status generally applies to *pro se* litigants, Local Rule of the United States District Court for the Southern District of Illinois 3.1(c)(1) contemplates that such status may be granted to an applicant who is represented by an attorney, as in this case. Under Local Rule 3.1(b), any person seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 shall submit an affidavit of poverty which shall conform, as nearly as possible and as applicable, with the form affidavit used pursuant to 28 U.S.C. § 2254.

Here, the declaration supporting Plaintiff's application contains the requisite information and reveals that she is not presently employed; her only source of income is

Supplemental Security Income (SSI) benefits in the amount of $626.00 per month; she has not received money or income from any other source in the last twelve months; she has $25.00 in a checking account; she owns a 1969 Plymouth Satellite of unknown value; she has a housing payment of roughly $200.00 per month, along with auto insurance and monthly phone payments.  Finally, under debts or financial obligations, Plaintiff listed a student loan for an unknown amount and one medical bill for $400.00.  In light of the foregoing, the Court finds Plaintiff to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

Additionally, Plaintiff's complaint states a claim and does not appear to be frivolous or malicious.  *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or facts to support his claim for relief).  Nor does Plaintiff seek monetary relief against an immune defendant.  Rather, she claims that the Commissioner's decision was not supported by substantial evidence and thus, should be reversed and remanded.  Plaintiff correctly notes that § 205(g) of the Social Security Act allows this sort of suit against the Commissioner.  *See* 42 U.S.C. § 405(g) (2006).

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** *as to this Court and this action only*.  Plaintiff is **ADVISED,** pursuant to Federal Rule of Civil Procedure 4(m), that this action will be dismissed without prejudice if service is not effected within 120 days of the date of this Order.  If Plaintiff's attorney is unable to cover the costs associated with effecting service of process, he should file a motion requesting this Court to direct the United States Marshals Service to serve process on Plaintiff's behalf.

**IT IS SO ORDERED.**

DATED November 22, 2010.

/s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge